**COURION INDUSTRIES, INC.,**
**Appellant,**

v.

**CAROLINA DOOR PRODUCTS,**
**INC., Respondent.**

No. 42137.

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 23, 1982.

Motion for Rehearing and/or Transfer
Denied April 16, 1982.

Application to Transfer Denied
June 14, 1982.

Thomas L. Story, St. Louis, for appellant.

James M. Martin, St. Louis, for respondent.

SIMON, Judge.

This is an appeal from a judge tried case in the Circuit Court of the City of St. Louis. The case arises out of a disputed sales contract involving plaintiff-appellant Courion Industries, Inc., (Courion) and defendant-respondent Carolina Door Products, (Carolina). Courion sought dual relief: a declaratory judgment that the parties had never entered into a valid contract; and, in the alternative, equitable relief in the form of a

court ordered rescission of the contract. Carolina counterclaimed seeking a declaration that a valid contract existed and sought damages for breach of the contract. Pursuant to a stipulation of the parties, Courion's claim for a declaratory judgment and Carolina's counterclaim were split from the equitable claims and transferred to another division within the circuit for a jury trial pursuant to § 527.090 RSMo.1978. Courion presented two bases for rescission: (1) mutual mistake; and, (2) misrepresentation. The trial court entered judgment for Carolina, making detailed findings of fact and conclusions of law. Courion appeals. We affirm.

On appeal Courion claims that the trial court erred in: (1) characterizing Courion's mistake as unilateral; (2) finding that Carolina had no knowledge of Courion's mistake; (3) finding that Carolina had not misrepresented material facts to Courion; (4) finding that Carolina had justifiably relied on Courion's bid; (5) finding that the parties entered into a contract; and (6) allowing Carolina to file a counterclaim the day before trial.

Courion is a manufacturer of hollow steel fire and industrial doors. Carolina is a dealer, distributor and installer of many types of doors and related products. The third participant in the factual background of this case, Santa Fe Engineers (Santa Fe), is a construction company. In 1977, Santa Fe was in the process of bidding on a construction contract for the Pomflant Naval Air Station in South Carolina.

Carolina first received information from Santa Fe about the Pomflant Project in early December, 1977. Carolina gave Santa Fe a "ball park" price of $129,361 to furnish and install the ten steel doors around which this suit revolves. At this point Carolina had not seen the plans and specifications for the doors, but had given the "ball park" price based on other prices Santa Fe had received. Under the specifications, three of the doors were to be of solid steel construction and seven were to be of hollow steel construction. In January, 1978, Santa Fe was awarded the general contract on the

Pomflant Project and requested a final bid from Carolina on the doors. Carolina wrote Courion asking for a final price on the doors. Carolina received the project's plans and specifications from Santa Fe. Without opening or reviewing the plans and specifications, Carolina forwarded them to Courion. Courion received the plans and specifications on January 31. On February 10, after receiving Courion's price, Carolina reached a final agreement with Santa Fe to supply and install the doors for $133,000.

On March 7, Courion discovered that the specifications required that three of the doors be of solid steel construction. Courion did not possess the capability of manufacturing solid steel doors; the difference in weight between the three solid doors and three hollow doors was 65,000 pounds. Courion telephoned Carolina, withdrew its price statement and sent a telegram confirming the same. On March 10, Carolina refused in writing to accept Courion's withdrawal. Courion failed to perform its obligation. As a result, Santa Fe terminated its agreement with Carolina, secured the doors from a different supplier, and instituted suit against Carolina in a South Carolina court for breach of contract seeking $23,000 in damages.

Courion filed this suit in April, 1978. After a series of pleadings were filed, the trial was set on November 14, 1978. Then, Carolina discharged its attorney. On November 15 the trial court, pursuant to Rule 55.32(e), granted Carolina's new attorney leave to file a late counterclaim. The counterclaim was held in abeyance, however, to be litigated along with Courion's claim for declaratory relief before a jury.

At trial, Courion claimed that Carolina telephoned Courion on February 1 requesting a price for the doors. Courion claimed that Carolina stated that all ten doors were of the same construction as the doors that Courion was manufacturing for Carolina on another contract, i.e., hollow steel construction. Carolina denied making this statement. Courion claimed that they qualified their price on all the doors being of hollow steel construction. Courion stated that it

had not read all of the specifications and Carolina denied that any qualification had been made, and stated that it would not have signed a contract with Santa Fe without a firm bid from Courion. The court entered its judgment and decree on July 28, 1979 in favor of Carolina.

The trial court made extensive findings of fact and conclusions of law. We have already noted some of these findings. We briefly summarize the remaining findings that are relevant to this appeal. The trial court found that Courion entered into an unqualified agreement with Carolina to deliver the ten doors to Carolina at a price of $49,235. Carolina did not misrepresent or conceal any material facts from Courion. In fact neither party knew that three of the doors were of solid steel construction. Courion erred in reviewing the project's specifications and plans, and as a result, quoted Carolina too low of a price for the doors. Moreover, the trial court found that Carolina relied on Courion's expertise and that Courion was aware of this. Courion was also aware that Carolina had entered into an agreement with Santa Fe. Furthermore, the court found that Carolina would not have agreed to supply Santa Fe with the doors at a price of $133,000 but for its agreement with Courion, and that Courion did not attempt to withdraw its bid until after Carolina and Santa Fe had entered into their contract. Finally, the court found that after Courion failed to perform Santa Fe terminated its agreement with Carolina and filed suit for breach of contract in South Carolina.

Basically, Courion contests the trial court's findings of fact and its application of the law. Having carefully examined the transcript and exhibits, we find substantial evidence to support the trial court's findings of fact. Furthermore, the trial court did not erroneously declare or apply the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976). Any further discussion of the points raised on appeal would have no precedential value. Rule 84.16.

Judgment is affirmed.

SATZ, P. J., and SMITH, J., concur.